IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:23-CR-128-TAV-JEM |
|  | ) |  |
| JAMES T. MARKEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendant James Markey's Motion to Dismiss for Improper Venue [Doc. 30]. 28 U.S.C. § 636(b). Defendant is charged with conspiring with Codefendant Alexander Ross to commit an offense against the United States, specifically by making materially false writings, entries, certifications, documents, and records concerning aircraft parts in violation of 18 U.S.C. § 38(a)(1)(C) and (b) [Doc. 3 ¶ 10]. The conspiracy allegedly occurred "in the Eastern District of Tennessee and elsewhere" [*Id*.]. Defendant asks the Court to dismiss the Indictment for lack of venue, arguing that no conduct attributed to him occurred in the Eastern District of Tennessee [Doc. 30 p. 1]. He acknowledges the Indictment alleges that his codefendant committed an overt act in this district (delivery of an aircraft to a customer in Knoxville, Tennessee) [*Id*. at 2]. Defendant Markey, however, urges the Court to adopt "reasonable restrictions" requiring "foreseeability" and "substantial contacts" before venue may be established [*Id*. at 2–3].

The Court finds binding precedent in this Circuit rejects Defendant's proposal and recommends that Defendant's motion to dismiss be denied.

## I. BACKGROUND AND POSITIONS OF THE PARTIES

Defendant Markey, a certified airplane mechanic, is charged by Indictment with conspiring with Defendant Ross to commit an offense against the United States, namely falsifying or concealing material facts and making materially false representations and writings concerning aircraft parts (Count One) [Doc. 3 ¶¶ 5, 10]. The offense allegedly occurred "in the Eastern District of Tennessee and elsewhere" from April 15, 2022, through February 27, 2023 [*Id*. ¶ 10]. The Indictment alleges that Defendant Markey participated in the conspiracy by "prepar[ing] and sign[ing] certifications for annual inspections of aircraft reflecting that he performed the annual inspection, even though he had not performed the annual inspection and his certification was false" [*Id*. ¶ 12].

According to the Indictment, Defendant Markey stated in records and logbooks that he had inspected and maintained an aircraft N6522Q, when he had not done so, and provided those false entries to Defendant Ross [*Id*. ¶¶ 15–16]. Defendant Ross advertised N6522Q for sale, agreed to sell N6522Q to R.P., accepted the transfer of funds from R.P.'s bank account for the purchase of N6522Q, and "delivered aircraft N6522Q to R.P. in Knoxville, Tennessee[,]" on June 12, 2022 [*Id*. ¶¶14, 18, & 20–21]. Defendant Ross is also charged with committing fraud involving aircraft parts (Count Two), wire fraud (Count Three), and money laundering (Count Four) during the time frame of the alleged conspiracy [*Id*. ¶¶ 22–26].

Defendant moves to dismiss the Indictment "for lack of venue because no conduct attributed to [him] occurred in the Eastern District of Tennessee [Doc. 30 p. 1]. Defendant agrees that venue in a conspiracy case is generally proper wherever an overt act occurs but urges the adoption of "reasonable restrictions" on venue that require reasonable foreseeability and substantial contacts with a location [*Id*. at 3]. Alternatively, if the Court finds that Defendant Ross's

alleged delivery of an aircraft to this district is sufficient to establish venue, then Defendant asks for a pretrial hearing for the Government to prove he participated in a conspiracy with Defendant Ross [*Id*. at 4].

The Government responds in opposition, arguing that because Defendant is charged with conspiracy and because an overt act occurred within this district, venue properly lies in the Eastern District of Tennessee [Doc. 37 p. 2]. It also opposes Defendant's request for a pretrial hearing to determine the existence of the conspiracy [*Id*. at 3–5]. The Government contends that Defendant is not entitled to know the "minutiae of the government's evidence [or] to learn the identities of many of the government's witnesses" [*Id*. at 4–5]. Moreover, such a procedure, which equates to holding a mini trial before the trial, would be a waste of resources [*Id*. at 4].

On May 30, 2024, the parties appeared before the undersigned for a motion hearing on Defendant's motion. Assistant United States Attorney Suzanne H. Sullivan appeared on behalf of the Government. Attorney Wade V. Davies represented Defendant Markey, who was also present.[1] The Court heard the parties' arguments on the motion and took the matter under advisement.

## II.  ANALYSIS

"The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." Art. III, § 2, cl. 3; *United States v. Rodriguez-Moreno*, 526 U.S. 275, 278 (1999). This "command is reinforced by the Sixth Amendment's requirement that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed,' and is echoed by Rule 18 of

---

[1] Attorney Troy L. Bowlin, II, who represents Defendant Ross, was also present for the motion hearing.

the Federal Rules of Criminal Procedure ('prosecution shall be had in a district in which the offense was committed')." *Id*.

A federal offense "committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). For "continuous crimes" such as conspiracy, venue is proper in any district in which a part of the crime occurs. *United States v. Casteneda*, 315 F. App'x 564, 569 (6th Cir. 2009) (citation omitted). In other words, "venue is proper in conspiracy prosecutions in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed." *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984). And an individual coconspirator "need not have entered the district so long as this standard is met." *Id*.

Here, the Indictment alleges that Defendant Ross delivered an airplane to a customer in Knoxville, Tennessee. Accordingly, venue properly lies in this district even though Defendant Markey is not alleged to have entered the district during the conspiracy.

Defendant Markey asks the Court to adopt restrictions to venue imposed in the Second Circuit such as limiting venue to those locations that are reasonably foreseeable and with which the defendants have substantial contacts [Doc. 30 p. 3 (citing *United States v. Kirk Teng Yuk*, 885 F.3d 57, 69–70 (2d Cir. 2018)].[2] Our appellate court, however, has rejected a defendant's invitation to impose a foreseeability limitation. *United States v. Guerrero*, 76 F.4th 519, 529 (6th Cir. 2023). "In this circuit, 'a co-conspirator's acts need not be foreseeable to a defendant for

---

[2]    Defendant's pretrial arguments about venue may be premature. "Although the Government must prove venue by a preponderance of the evidence at trial, it is sufficient to establish venue at the [pretrial] stage where the indictment alleges that each offense occurred within a certain district." *United States v. Didani*, No. 21-20264, 2024 WL 1660529, at *3 (E.D. Mich. Apr. 17, 2023). Defendant contends that he raises the propriety of venue in a pretrial motion to avoid waiving the issue. *See* Fed. R. Crim. P. 12(b)(3)(i). Because the parties have briefed and argued the issue to preserve it for appeal, the Court addresses this matter now.

4

venue to properly lie in the district where such acts took place.'" *Id*. (quoting *United States v. Iossifov*, 45 F.4th 899, 911 (6th Cir. 2022), *cert. denied*, 143 U.S. 812 (2023)); *United States v. Didani*, No. 21-20264, 2024 WL 1660529, at *3 (E.D. Mich. Apr. 17, 2023) ("A co-conspirator's acts need not be foreseeable to a defendant for venue to properly lie in the district where such acts took place, nor is it necessary for a co-conspirator to 'have entered the district' where venue lies 'so long as this standard is met.'" (citations omitted)). In *Guerrero*, the Court of Appeals for the Sixth Circuit expressly declined to adopt the Second Circuit's limitation that in a conspiracy case, "an overt act must be foreseeable to establish venue." *Guerrero*, 76 F.4th at 529 (observing the Second Circuit is the only circuit to impose this requirement).

This Court is obligated to follow binding precedent. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (observing that lower federal courts must follow precedent). Precedent dictates that venue lies in any district where an overt act in furtherance of the conspiracy occurred. Accordingly, Defendant's venue argument lacks merit.

Defendant also argues that "[i]n the event the Court finds that the allegation that codefendant delivered a plane to the Eastern District of Tennessee could facially establish venue, . . . the Court [should] hold a pretrial hearing to determine whether the government can prove that he participated in a conspiracy involving [Defendant] Ross" [Doc. 30 p. 4]. At oral argument, defense counsel argued that such a hearing would relieve Defendant of the burden of trial when a serious question about proof of venue exists. Defendant points out that pretrial hearings to determine the existence of a conspiracy are an option available to the Court when the Government intends to introduce a coconspirator statement in furtherance of the conspiracy [*Id*.]. *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). But in his venue motion, Defendant does not seek a hearing to determine the

5

existence of a conspiracy for purposes of admitting a coconspirator statement. Instead, he seeks a hearing to determine whether he participated in a conspiracy with Defendant Ross.

The Government, however, is not required to prove a portion of its case, thereby revealing its theories and witnesses, before trial.[3] Moreover, even when the admissibility of a coconspirator statement made in furtherance of a conspiracy is at issue, the practice in this district is to forego a pretrial hearing in favor of permitting the Government to present the coconspirator statement at trial subject to its proving the conspiracy by the close of its case-in-chief. *See United States v. Wise*, No. 3:20-CR-46-TAV-JEM, 2022 WL 17869821, at *4 (E.D. Tenn. Dec. 22, 2022); *United States v. Stimpert*, No. 3:21-CR-107-KAC-JEM, 2022 WL 4391740, at *11 (E.D. Tenn. Sept. 22, 2022); *United States v. Bibbs*, No. 3:19-CR-151-TAV-DCP, 2021 WL 2383326, at *11–12 (E.D. Tenn. June 10, 2021); *United States v. Kincaid*, 2013 WL 5488524, at *5–6 (E.D. Tenn. Oct. 2, 2013); *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008) (observing "this district routinely utilizes the third option, where the trial court admits the hearsay conditionally, subject to a later determination of its admissibility"), *aff'd*,

---

[3] Numerous cases lend support to concluding that a pretrial hearing for the Government to prove the existence of the alleged conspiracy is unwarranted outside of the context of a coconspirator statement. *See, e.g.*, *United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (determining that a bill of particulars is not means for a defendant to obtained detailed disclosure of the government's evidence before trial); *United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (observing that the government is not required to reveal the names of unindicted coconspirators in a bill of particulars); *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002) (holding government not required to disclose a witness list pretrial); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (holding that a bill of particulars is not a means to discover the government's evidence and trial theories); *United States v. Perkins*, No. 12–11–DLB–EBA, 2014 WL 3436074, *13 (E.D. Ky. July 11, 2014) (holding that a court "c[an] not use its inherent power [over discovery] to compel the government to produce Jencks Act material prior to trial").

516 F. App'x 433 (6th Cir. 2013). Thus, the Defendant's suggestion for a pretrial hearing should also be denied.

III. CONCLUSION

The Court finds that the Indictment properly alleges venue in this case. Accordingly, the undersigned respectfully **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Dismiss for Improper Venue [Doc. 30].[4]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).