UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-128-TAV-JEM |
| JAMES T. MARKEY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties came before the undersigned on January 16, 2026, for a status and pretrial conference in this case and a status conference in case number 3:24-CR-81 ("the misdemeanor case"). Assistant United States Attorney Suzanne H. Sullivan appeared for the Government. Attorney Wade V. Davies represented Defendant James Markey, who was excused from attending the hearing.

Trial of this case is set for January 27, 2026 [Doc. 181]. Codefendant Alexander Ross has entered a change of plea; the first phase of his sentencing hearing was on January 12, 2026 [Doc. 202]. Defendant Markey entered a guilty plea in his misdemeanor case, and his sentencing hearing in the misdemeanor case was set before the undersigned for January 20, 2026. Defendant Markey's plea agreement in the misdemeanor case provides that the Government will move to dismiss his sole charge in this case at the time of sentencing in his misdemeanor case [*See id*. at 1]. Accordingly, the undersigned previously severed Defendant Markey for a separate trial from Codefendant Ross and granted Defendant Markey's motion for the trial of this case to occur after his sentencing hearing in his misdemeanor case [*Id*.; *see also* Doc. 90 pp. 13–15]. The Court previously excluded all time between Defendant's entry of a guilty plea in the misdemeanor

case and his trial date in this case to avoid a miscarriage of justice by "compromis[ing] the parties' compliance with the terms of the plea agreement in the misdemeanor case" and because the delay was attributable to other proceedings concerning Defendant, i.e., the proceedings in the misdemeanor case [Doc. 138 p. 2 (quotation omitted)]. 18 U.S.C. § 3161(h)(1)(b) & (h)(7)(A)–(B)(i).

At the status conference, Defendant moved to continue the January 27, 2026 trial date. The District Judge conducted the first phase of Defendant Ross's sentencing hearing on January 12, 2026, and while the second phase has yet to be set, AUSA Sullivan represented that it may occur in March 2026. The parties agreed that the January 27, 2026 trial date should be moved to a date after Defendant Ross's second phase sentencing hearing. Counsel agreed to set the sentencing hearing in the misdemeanor case on April 7, 2026, at 10:00 a.m., and to a new trial date of April 21, 2026, in this case.

Based upon the information from the parties and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant Markey and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court continues to find that the failure to grant a continuance would result in a miscarriage of justice because it would compromise the parties' compliance with the terms of the plea agreement in the misdemeanor case. *See id*. § 3161(h)(7)(B)(i). The Court also finds that the time from the status conference on January 16, 2026, and Defendant Markey's April 7, 2026 sentencing hearing in the misdemeanor case is excludable in this case as "delay resulting from other proceedings concerning the defendant." *Id*. § 3161(h)(1)(B). Courts interpret what constitutes a "proceeding" under § 3161(h)(1) broadly. *Sylvester v. United States*, 868 F.3d 503, 511 (6th Cir. 2017) (citing *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989)); *see also*

*United States v. Smith*, 510 F. App'x 390, 394 (6th Cir. 2013) (noting that under the Speedy Trial Act, "[c]ourts are given discretion to accommodate delays for case-specific needs" (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006))). Moreover, excludable delay under subsection (h)(1)(B) includes time awaiting sentencing on other charges. *United States v. Robinson*, 887 F.2d 651, 656–57 (6th Cir. 1989) (analyzing excludable delay in bringing indictment).

The Court therefore **GRANTS** Defendant's unopposed oral motion to continue the trial. The trial of this case is reset to April 21, 2026. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the status conference on January 16, 2026, and the new trial date of April 21, 2026, is fully excludable under the Speedy Trial Act. *See id.* § 3161(h)(1)(B) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's oral motion to continue the trial is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 21, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the status conference on **January 16, 2026**, and the new trial date of **April 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 24, 2026**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **April 7, 2026, at 10:00 a.m.**, which is also the date and time for Defendant's sentencing hearing in case number 3:24-CR-81;

(6) the deadline for filing motions in limine is **April 6, 2026**, and responses to motions in limine are due on or before **April 14, 2026**; and

(7)     requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 10, 2026**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill. E. McCook
United States Magistrate Judge