| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-128-TAV-JEM |
| | ) | |
| JAMES T. MARKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties came before the undersigned on April 7, 2026, for a telephonic status and pretrial conference in this case and a status conference in case number 3:24-CR-81 ("the misdemeanor case"). Assistant United States Attorney Suzanne H. Sullivan appeared for the Government. Attorney Wade V. Davies represented Defendant James Markey, who was excused from attending the hearing.

Trial of this case is set for April 21, 2026 [Doc. 204].[1] Codefendant Alexander Ross has entered a change of plea; and the District Judge held the first phase of Defendant Ross's sentencing hearing on January 12, 2026 [Doc. 205, Minutes]. Defendant Markey entered a guilty plea in his misdemeanor case on September 4, 2025 [No. 3:24-CR-81, Doc. 5, Minutes], and the undersigned scheduled his sentencing hearing in the misdemeanor case for April 7, 2026 [No. 3:24-CR-81, Doc. 37, Minutes]. Defendant Markey's plea agreement in the misdemeanor case provides that the Government will move to dismiss his sole charge in this case at the time of sentencing in his misdemeanor case [No. 3:24-CR-81, Doc. 2]. Accordingly, the undersigned previously severed Defendant Markey for a separate trial from Codefendant Ross and granted Defendant Markey's

---

[1] All citations are to the docket in this case unless otherwise stated.

motion for the trial of this case to occur after his sentencing hearing in his misdemeanor case [Doc. 90 pp. 13–15]. The Court previously excluded all time between Defendant's entry of a guilty plea in the misdemeanor case and his trial date in this case to avoid a miscarriage of justice by "compromis[ing] the parties' compliance with the terms of the plea agreement in the misdemeanor case" and because the delay was attributable to other proceedings concerning Defendant, i.e., the proceedings in the misdemeanor case [Doc. 138 p. 2 (citation omitted); *see also* Doc. 90 p. 14]. 18 U.S.C. § 3161(h)(1)(b) & (h)(7)(A)–(B)(i).

At the status conference, Mr. Davies moved to continue Defendant's April 21, 2026 trial date to permit cooperation prior to his sentencing hearing in the misdemeanor case. AUSA Sullivan stated that following phase one of Defendant Ross's sentencing hearing on January 12, 2026, the parties anticipated that phase two would be set for mid-March, but the second phase has yet to be set due to the District Judge presiding over a lengthy, intervening criminal trial. The parties agreed with resetting the sentencing hearing in the misdemeanor case to June 17, 2026, at 10:00 a.m. and to a new trial date of June 30, 2026, in this case to allow time for Defendant Ross's phase two sentencing hearing to occur.

Based upon the information from the parties and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant Markey and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court continues to find that the failure to grant a continuance would result in a miscarriage of justice because it would compromise the parties' compliance with the terms of the plea agreement in the misdemeanor case. *See id*. § 3161(h)(7)(B)(i). The Court also finds that the time from the status conference on April 7, 2026, and Defendant Markey's June 17 sentencing hearing in the misdemeanor case is excludable in this case as "delay resulting from other

2

proceedings concerning the defendant." *Id*. § 3161(h)(1)(B). Courts interpret what constitutes a "proceeding" under § 3161(h)(1) broadly. *Sylvester v. United States*, 868 F.3d 503, 511 (6th Cir. 2017) (citing *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989)); *see also United States v. Smith*, 510 F. App'x 390, 394 (6th Cir. 2013) (noting that under the Speedy Trial Act, "[c]ourts are given discretion to accommodate delays for case-specific needs" (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006))). Moreover, excludable delay under subsection (h)(1)(B) includes time awaiting sentencing on other charges. *United States v. Robinson*, 887 F.2d 651, 656–57 (6th Cir. 1989) (analyzing excludable delay in bringing indictment).

The Court therefore **GRANTS** Defendant's unopposed oral motion to continue the trial. The trial of this case is reset to June 30, 2026. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the status conference on April 7, 2026, and the new trial date of June 30, 2026, is fully excludable under the Speedy Trial Act. *See id.* § 3161(h)(1)(B) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)    Defendant's oral motion to continue the trial is **GRANTED**;

(2)    the trial of this matter is reset to commence on **June 30, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)    all time between the status conference on **April 7, 2026**, and the new trial date of **June 30, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)    the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 29, 2026**;

(5)    the parties are to appear before the undersigned for a final pretrial conference on **June 17, 2026, at 10:00 a.m.**, which is also the date and time for Defendant's sentencing hearing in case number 3:24-CR-81;

3

(6)     the deadline for filing motions in limine is **June 15, 2026**, and responses to motions in limine are due on or before **June 23, 2026**; and

(7)     requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 19, 2026**.

**IT IS SO ORDERED**.

ENTER:

Jill. E. McCook
United States Magistrate Judge

4